**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**KIMBERLY EDWARDS**                                                                                    **PLAINTIFF**

**VS.**                                                                   **CIVIL ACTION NO. 3:18-cv-62-CWR-FKB**

**VIACOM, KEYSHIA KA'OIR DAVIS,**
**RODRICK DAVIS**                                                                                        **DEFENDANTS**

**REPORT AND RECOMMENDATION**

Before the Court are Kimberly Edwards's complaint [1] and motion for leave to proceed *in forma pauperis* ("IFP") [2]. For the following reasons, the undersigned recommends that she be granted IFP status, but that her case be dismissed for failure to state a claim.

"28 U.S.C. § 1915(a)(1) is designed to provide access to federal courts for plaintiffs lacking the financial resources to pay any part of the statutory filing fees." *Cooley v. Hodge*, No. 2:17-cv-71-KS-MTP, 2017 U.S. Dist. LEXIS 141974, at *2 (S.D. Miss. Aug. 17, 2017)(citing *Barnes v. Sec., Dep't. of Treasury*, 2010 U.S. Dist. LEXIS 112349, 2010 WL 4220422 (S.D. Miss. Sept. 16, 2010)). Where the plaintiff's financial information shows that a filing fee would cause undue financial hardship, the district court has discretion to reduce or waive the fee. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "The granting or denying of *in forma pauperis* proceedings of a civil nature is left to the sound discretion of the District Court." *Cooley*, 2017 U.S. Dist. LEXIS 141974, at *2 (quoting *Williams v. Beau Rivage*, 2009 U.S. Dist. LEXIS 103000, 2009 WL 3431457 (S.D. Miss. 2009)).

Having considered Edwards's financial affidavit, the undersigned finds that her IFP motion is well-taken and due to be granted. No filing fee will be assessed.

Once a court has determined that a plaintiff may proceed IFP, 28 U.S.C. § 1915(e)(2)(B) requires that the court next determine whether the complaint "(i) is frivolous or malicious; (ii) fails

to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See Day v. Seiler*, 560 F. App'x 316, 318 (5th Cir. 2014).

A complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quotation marks and citation omitted). "A pro se complaint is to be construed liberally, [but it] must set forth facts giving rise to a claim on which relief may be granted." *Strausbaugh v. Bank of Am.*, No. 1:12-cv-00317-HSO-RHW, 2013 U.S. Dist. LEXIS 13905, at *6 (S.D. Miss. Feb. 1, 2013)(quoting *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993)). Dismissal of a complaint under 28 U.S.C. § 1915(d) is appropriate if the district court is "satisfied that the action is frivolous or malicious." *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Id.*

Rodrick Davis, also known as Gucci Mane, and Keyshia Ka'Oir are celebrities. They star in a realty-TV show which airs on Viacom-owned BET, called "Gucci Mane & Keyshia Ka'Oir: The Mane Event."[1] Edwards claims that The Mane Event contains "moments from [her] life," and that Davis and Ka'Oir use stories from Edwards's and Edwards's husband's lives when giving interviews. She claims that as a result of The Mane Event, she has "been exposed" and that many moments from her life have "been stolen" by someone else. She seeks $100,000,000.00 in damages.

After examining Edwards's complaint, the undersigned cannot discern a cognizable claim. Accordingly, as required by 28 U.S.C. § 1915(e)(2)(B), the undersigned recommends the Court

---

[1] *See Gucci Mane & Keyshia Ka'Oir: The Mane Event*, BET.COM, https://www.bet.com/shows/the-mane-event/cast-info.html (last visited Apr. 4, 2018). BET describes the show as: "This 10-part wedding special follows the twists and turns of celebrity hip-hop couple Keyshia Ka'Oir and Gucci Mane as they plan for the most notorious celebrity hip-hop wedding of the year while struggling to blend their families." *Id.*

dismiss her complaint. The dismissal should be without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

So recommended, this the 24th of April, 2018.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE